## Case No. 7,652.

### KEITH et al. v. MURDOCH.

[2 Wash. C. C. 297.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1808.

CHATTEL MORTGAGE — POSSESSION BY MORTGAGOR —REPLEDGE OF MORTGAGED CHATTEL—POWER OF MASTER TO PLEDGE—FREIGHTAGE.

1. H., being indebted to the plaintiffs, made a bill of sale of the ship John to them, to secure the amount of the debt, and went out in the ship as master, she being registered in the names of the plaintiffs. H. borrowed, for his own purposes, from the defendant, a sum of money; and, for his security, transferred to him the bills of lading of the cargo home, for the purpose of his being repaid the amount of the loan out of the freight, payable by the general shippers on board the vessel. The captain, as master, has no right to pledge the freight, to raise money for his private purposes. As the agent of the owners, which the captain may be, in the absence of a consignee, he can act only for the benefit of his principal, and he has no other authority.

[Cited in Joy v. Allen, Case No. 7,552; Fox v. Holt. Id. 5,012.]

2. If the captain were a mortgagor in possession, he might charge the freight; but if he acted as the master of the vessel only, when he charged the freight with his debt, as his possession was that of the mortgagees, the legal title continued in them, and he could not encumber the freight for his own debts.

This was an action brought to recover the freight earned by the ship John, from Havana to Philadelphia, upon sundry goods brought in her, belonging to different merchants. The bills of lading expressed, that the goods were shipped on account and at the risk of the respective owners, and were consigned to them. This vessel had once belonged to a Mr. Haynes, who went out in her as master; but before he left the United States, he became indebted to the plaintiffs in the sum of 1,150 dollars; to satisfy, or rather, as it was admitted by the counsel, to secure which, he executed to the plaintiffs an absolute bill of sale for the vessel, and they obtained a register in their own names. The letter of instructions from the plaintiffs to Captain Haynes, directed him to go first to Antigua, and there to obtain a freight to Charleston; or, if he could not succeed at that island, he was to go to St. Thomas's for the same purpose; but he was consigned to no particular person at either place. The captain, however, went to Havana, and there took in the goods on freight, as above mentioned. The captain, whilst at Havana, being distressed for money, for his private purposes obtained a loan of about 700 dollars from the defendant; and, for his security, endorsed to him the bills of lading, and wrote a letter to the plaintiffs, directing them to insure the vessel and freight at 2,000 dollars, and requesting them also to

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

pay to the defendant his advances to him out of the insurance. This letter was enclosed by the defendant to the plaintiffs, mentioning his advance, and the security he had obtained, and requesting that the freight might be applied as intended. In answer to this letter, the plaintiffs informed the defendant, that they should make the insurance as requested, and that, in case of loss, and the amount coming into their possession, the claim of the defendant should be attended to. The vessel, however, arrived safe.

M. Levy, for plaintiffs.
Chauncey & Sergeant, for defendant.

WASHINGTON, Circuit Justice (charging jury). It is admitted that the bill of sale by Haynes to the plaintiffs, though purporting upon its face to be an absolute conveyance, was really intended as a mortgage to secure a debt due. This being understood, the letter written by the plaintiffs, to the defendant, is easy to be understood. The debt due to them from Haynes for which the security was given, amounted to 1,150 dollars, and they were directed to insure to the amount of 2,000 dollars, which would leave a surplus, in case of loss, sufficient to satisfy also the defendant's advances to the mortgagor. They therefore, with due caution and prudence, promise, that in case of a loss, and the amount coming into their hands, the claim of the defendant should be attended to. But the vessel arrived safe, and of course the amount insured never could come into their hands. The contingency, then, having never happened, upon which a liability in the plaintiffs was to arise, the defendant lost the only plank upon which his claim could be saved. For surely, as master, Haynes had no power to pledge the freight, in order to raise money for his private purposes. It was contended, that being consigned to no person, he became necessarily the general agent of his owner; but suppose this to be the case (which is not admitted), still he could not in that character, any more than in that of master, pledge the freight for debts of his own. As agent, he could only act for the benefit of his principal, and all beyond that was without the scope of his authority. It was then contended, that as mortgagor in possession of the pledge, he had a power to charge the freight in this case. It might have been so, if he had held the possession as mortgagor. But he acted as master, and servant of the mortgagee, and appeared in this character in his transactions with the defendant. This is abundantly proved by his and the defendant's letters to the plaintiffs. This is a fact, however, submitted to the jury, and is the pivot of the cause. If he acted as master, his possession was the possession of the mortgagee, in whom the legal title to the vessel being vested, the legal title to the freight also vested, as an inseparable incident, unless parted with by the

plaintiffs. If the plaintiffs have been over-paid their claim against Haynes, they may be compelled in another way to account, and to pay over any surplus to Haynes, or to the defendant. But in this action, the plaintiffs must recover.

The jury found for the defendant: believing, from the evidence. that the captain was intrusted by the plaintiffs with the possession of the pledge, in his character of mortgagor.